**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| JESSE IVAN NICHOLS, | : | PRISONER CIVIL RIGHTS |
| INMATE NO. 214183, | : | |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:07-CV-0120-RWS |
| RICHARD CHARLES | : | |
| VOLLRATH; SHERIFF | : | |
| GEORGE ENSLEY; and | : | |
| FANNIN COUNTY, | : | |
| Defendants. | : | |

## ORDER AND OPINION

Plaintiff has filed the instant pro se civil rights action and a motion to amend his complaint. The matter is now before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district

2

court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.    <u>Discussion</u>

  A.    <u>Plaintiff's Allegations</u>[1]

  According to Plaintiff, on November 13, 2005, while confined at the Fannin County Jail, he lost his balance while attempting to step down from his upper bunk and landed on his right shoulder.  (Doc. 1, attached statement of claim, at 1). Plaintiff states that he immediately lost "feeling on his right side and right arm" and was unable to move the same area.  (<u>Id.</u> at 1-2).

  Plaintiff states that two jail officials "escorted him to the main control room and immediately called for medical attention."  (<u>Id.</u> at 2).  Emergency Medical Services ("EMS") "arrived a short time later to examine [] Plaintiff."  (<u>Id.</u>).  In his amended complaint, Plaintiff states that he "could not make a fist or move his arm when EMS officials asked him."  (Doc. 8 at ¶ 10).  Plaintiff alleges that "he was not allowed to leave with the EMS officials, so they could evaluate the extent of

_____

[1]In order to improve readability, minor errors in punctuation have been corrected without notation.

Plaintiff's injury under an x-ray [and/or] a MRI." (Doc. 1, attached statement of claim, at 2). Allegedly, "the EMS officials emphasized to the jailers that they could not tell . . . [the] extent of Plaintiff's injuries . . . without the proper equipment." (Id. at 2-3). "The jailers [allegedly] stressed that under the policy of the jail . . . they could not approve of the EMS [officials] taking Plaintiff to the hospital to perform an x-ray on his right shoulder." (Id. at 3). In his amended complaint, Plaintiff states that this policy was created by Defendant George Ensley, the Fannin County Sheriff, and Defendant Richard Charles Vollrath, who serves as both the Chairman of the Fannin County Commission and the Fannin County Jail Doctor. (Doc. 8 at ¶¶ 11-12 and 20).

On November 14, 2005, "Vollrath visually examined [] Plaintiff without ever touching him." (Id. at ¶ 21). Vollrath also allegedly failed to prescribe any pain medication, although according to Plaintiff, it was obvious that he was in pain. (Id. at ¶ 22). Further, Plaintiff states that Vollrath "did not order any kind of treatment." (Id. at ¶ 24). On November 21, 2005, after Plaintiff allegedly filed several medical requests, Vollrath saw him again. (Id. at ¶ 25). During this visit, Vollrath allegedly told Plaintiff: "You're getting old and probably developed a

4

severe case of arthritis." (<u>Id.</u> at ¶ 26).  Plaintiff contends that "Vollrath's treatment

of Plaintiff amounted to no treatment at all."  (<u>Id.</u> at ¶ 27).

On April 7, 2006, after being placed in the custody of the Georgia

Department of Corrections, emergency treatment was ordered for Plaintiff.  (<u>Id.</u> at

¶ 31).  An MRI allegedly showed that Plaintiff suffered a "complete tear" of the

right shoulder's "Supraspinatms" and a "half [tear] of the infraspinatus tendon."

(<u>Id.</u> at ¶ 32).  According to Plaintiff, "[o]n June 1, 2006, . . . [his] right shoulder

was operated on in order to correct the injuries. . . .  The damage was [allegedly]

so severe that a second surgery was performed for rotator cuff repair, and []

additional physical therapy was needed."  (<u>Id.</u> at ¶ 33).

Plaintiff states that he "now has limited use of his right arm and shoulder.

He can't lift heavy objects.  His injuries are severe and permanent.  He will live

with these limitations for the rest of his natural life."  (<u>Id.</u> at ¶ 34).

Plaintiff alleges that there is no formal grievance procedure at the Fannin

County Jail.  (<u>Id.</u> at ¶ 28).  Plaintiff states that he "mailed Defendant Ensley

numerous letters seeking help, and Ensley refused to respond."  (<u>Id.</u> at ¶ 29).

Plaintiff contends that the actions and policies of Defendants Vollrath and

Ensley constitute deliberate indifference to his serious medical need, in violation

5

of the Fourteenth Amendment.  (<u>Id.</u> at ¶¶ 36-37).  Plaintiff further alleges that the treatment, or lack thereof, provided by Defendant Vollrath constitutes medical malpractice and negligence in violation of Georgia law.  (<u>Id.</u> at ¶¶ 38-39).  Plaintiff seeks money damages.  (<u>Id.</u> at ¶¶ 41-42).

        B.       <u>Analysis of Plaintiff's Claims</u>

             1.      <u>Defendant Fannin County</u>

In his original complaint, Plaintiff named Fannin County as a Defendant. (Doc. 1 at 1).  In his amended complaint, Plaintiff does not indicate that Fannin County is a Defendant in this action.  (Doc. 8 at 1).

Although it appears that Plaintiff is no longer bringing this action against Fannin County, in order to be clear, this Court notes that neither a county nor a county commission in Georgia can be held liable for the tortious actions of the sheriff or sheriff's deputies.  <u>Manders v. Lee</u>, 338 F.3d 1304, 1310-11 (11th Cir. 2003); <u>Grech v. Clayton County, Ga.</u>, 335 F.3d 1326, 1333 (11th Cir. 2003).  As Plaintiff has not alleged any facts indicating that Fannin County created any policy or otherwise acted in such a way as to contribute to his injuries, Fannin County should be dismissed as a Defendant in this action.

6

2.      Medical Treatment

Plaintiff alleges that the medical examinations given by Defendant Vollrath constitutes deliberate indifference.  As Plaintiff was a pretrial detainee when he was confined at the Fannin County Jail, his claim of deliberate indifference should be evaluated under "the Due Process Clause of the Fourteenth Amendment." Purcell ex rel. Estate of Morgan v. Toombs County, Georgia, 400 F.3d 1313, 1318 (11th Cir. 2005) (internal quotation omitted).  However, "The standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments."  (Id.) (internal quotation omitted).  This Court will, therefore, consider the law concerning deliberate indifference regardless of which Amendment was being analyzed in the cited authority.

Deliberate indifference with regard to the serious medical needs of prisoners violates the Eighth Amendment's prohibition against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97 (1976); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999).  If prison officials delay or deny access to medical care or intentionally interfere with prescribed treatment, the Constitution may be violated. Estelle, 429 U.S. at 104-5.

7

In order to establish deliberate indifference, a plaintiff must demonstrate that a "defendant actually knew of 'an excessive risk to inmate health or safety' and disregarded that risk." Campbell, 169 F.3d at 1364 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause. . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986).

A plaintiff must also demonstrate that a serious medical need exists. Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

In the instant complaint, Plaintiff alleges his injury was obvious, and that Vollrath failed to provide any meaningful treatment. Given the facts alleged by Plaintiff, this Court finds his first claim of deliberate indifference should be allowed to proceed against Defendant Vollrath. See Mandel, 888 F.2d at 789 ("When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.").

Plaintiff also contends that Vollrath committed medical malpractice and negligence, in violation of Georgia law.  Having found that Plaintiff has stated a possible violation of federal law, this Court concludes that it should exercise its supplemental jurisdiction of Plaintiff's state law claims.  See 28 U.S.C. § 1367(a).

  3. <u>Jail Policy</u>

Plaintiff alleges that the Fannin County Jail's policy which prohibited EMS officials from taking him for medical treatment was created and enforced by Defendants Ensley and Vollrath, and that policy forced Fannin County Jail officials to act with deliberate indifference to his serious injury.  "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotations omitted).  A supervisor is liable only when he or she "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  <u>Id.</u>  "The necessary causal connection can be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights."  <u>Id.</u> (internal quotation omitted).  Accordingly, this Court

finds that Plaintiff's claim of deliberate indifference related to the Fannin County Jail's policy is not clearly baseless and should be allowed to proceed.

III.   Conclusion

**IT IS ORDERED** that Plaintiff's motion for leave to filed amended complaint [Doc. 8] is **GRANTED**, pursuant to Fed. R. Civ. P. 15(a)(1)(A). Fannin County is **DISMISSED** as a party Defendant in this action. The amended civil rights complaint is **ALLOWED TO PROCEED** as any other civil action against Defendants Ensley and Vollrath

The Clerk is **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must

AO 72A
(Rev.8/82)

include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order.  The Clerk shall retain the USM 285 forms and the summonses.

Upon completion of the service waiver packages, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver packages to each Defendant.  Defendants have a duty to avoid unnecessary costs of serving the summons.  If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to  return the

11

waiver form.  The service package must include the USM 285 form, the summons, and one (1) copy of the complaint.  Upon receipt of the service packages(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service.  The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court.  Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel.  This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action.  Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the appearance of the first Defendant by answer to

AO 72A
(Rev.8/82)

the complaint, subject to extension by motion filed prior to the expiration of that

discovery period.  See N.D. Ga., LR 26.2.A & B.

**IT IS SO ORDERED**, this  1st  day of May, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)