**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

JESSE IVAN NICHOLS,

    Plaintiff,

v.

SHERIFF GEORGE ENSLEY
    Defendant.

CIVIL ACTION NO.
2:07-CV-0120-RWS

## **ORDER**

This case comes before the Court on Defendant George Ensley's Motion for Summary Judgment [41]. After a review of the record, the Court enters the following Order.

### **Background**

Plaintiff Jesse Nichols, appearing *pro se*, has filed the instant 42 U.S.C. § 1983 action against George Ensley, the Sheriff of Fannin County. (Amended Compl. [1].) The Court conducted a frivolity screening pursuant to 28 U.S.C. § 1915(a) and certified that Plaintiff's claims of deliberate indifference against Defendant Richard Charles Vollrath and Sheriff George Ensley for the Fannin County Detention Facility's medical policy were not clearly baseless and should

be allowed to proceed. (Order dated May 1, 2008.) Subsequently, claims against Defendant Vollrath were dismissed for lack of service of process.[1] (Order dated October 21, 2008.) The surviving claim in the case is one against Defendant Ensley in his individual capacity alleging deliberate indifference related to Fannin County Detention Facility's medical policy. (See Amended Complaint [14].) It is this claim that Defendant Ensley addresses in the Motion for Summary Judgment [41].

Due to Plaintiff's failure to appropriately respond to Defendant's statement of undisputed facts through a valid objection or refuting evidence, the facts stated in *Defendant's Statement of Material Facts to Which There Exists No Genuine Issue To Be Tried* (Dkt. No. [41-2]) are deemed admitted.[2] L.R. 56.1(B)(2)(a)(2). Plaintiff claims that on November 13, 2005, while incarcerated at Fannin County Detention Facility, he fell out of a bunk and injured his arm and shoulder. (Amended Complaint [14] at ¶¶ 5-6.) Plaintiff notified two jailers on duty who contacted emergency medical personnel. (Id. at

---

[1]The Court had previously dismissed Defendant Fannin County from the above-styled suit. (Order dated May 1, 2008.)

[2]However, in light of Plaintiff's *pro se* status, the Court has considered the declaration of Plaintiff and the exhibits attached thereto (Dkt. No. [47-3]) submitted by Plaintiff in opposition to the Motion for Summary Judgment.

2

¶¶ 7-8.) Plaintiff alleges that although two emergency medical services personnel determined that he needed hospital treatment, he was not permitted to go to the hospital until he was examined by the facility physician. (*Declaration in Opposition to Defendant's Motion for Summary Judgment* Dkt No. [47-3] at ¶ 11.) The following day, Dr. Richard Vollrath, in his capacity as the Fannin County Detention Facility physician, evaluated the Plaintiff's injuries. (Id. at ¶¶ 20-21; Dkt. No. [41-2] at ¶ 11.) No medication or further testing was prescribed at that evaluation. Dr. Vollrath evaluated the Plaintiff again on November 21, 2005. (Amended Complaint [14] at ¶ 25; Dkt. No. [41-2] at ¶ 11.) All decisions regarding the Plaintiff's medical treatment while at the Fannin County Detention Center were made by medical health professionals and not Defendant Ensley. (Dkt. No. [41-2] at ¶ 13; *Plaintiff's Responses to Defendant's First Request for Admissions* Dkt. No. [41-3] at Response 1.) Plaintiff's condition did not worsen as a result of his not being immediately transported to the hospital on the day of his alleged injury. (*Plaintiff's Responses to Defendant's First Request for Admissions* Dkt. No. [41-3] at Response 1.) Plaintiff was eventually transferred to the Georgia Department of

3

Corrections where he claims to have received an MRI and surgical treatment for his arm and shoulder. (Amended Complaint [14] at ¶¶ 31-33.)

Plaintiff asserts that he sustained physical and mental injuries as a result of Fannin County Detention Facility's policy of prohibiting inmates from going to the hospital to seek medical care. (Id. at ¶ 13.) He asserts that the alleged policy constitutes deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.[3] (Id. at ¶¶ 36-37.) However, the Fannin County Detention Facility Emergency Medical Services policy provides that "in the event the injured person is an inmate and it is determined upon examination that he needs to be transported to the hospital, the Road Patrol Supervisor is to ensure he is transported and supervised..." (Dkt. No. [41-3] Exhibit 1, Policy 5.5-1.) Plaintiff alleges that this policy was not followed on November 13, 2005, the date of his alleged injury and that he was not provided transportation

---

[3] As Plaintiff was a pretrial detainee when he was confined at the Fannin County Detention Center, his claim of deliberate indifference should be evaluated under "the Due Process Clause of the Fourteenth Amendment." Purcell ex rel. Estate of Morgan v. Toombs County, Georgia, 400 F.3d 1313, 1318 (11th Cir. 2005) (internal quotation omitted). However, "[t]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." (Id.) (internal quotation omitted). This Court will, therefore, consider the law concerning deliberate indifference regardless of which Amendment was being analyzed in the cited authority.

to the hospital despite his injuries. (*Declaration in Opposition to Defendant's Motion for Summary Judgment* Dkt No. [47-3] at ¶ 14.)

The Fannin County Detention Facility Grievances Procedures policy provides for Inmate Grievance Forms, available upon request, whereby inmates can assert complaints regarding the conduct of officers or medical staff. (Dkt. No. [41-3] Exhibit 3, Policy 5.21-1.) Defendant Ensley contends that Plaintiff did not file any grievance through the Detention Center grievance procedure, nor did he appeal any decisions through the system. (Dkt. No. [41-2] at ¶¶ 18-19.) However, Plaintiff requested a grievance form from Jailer Joe Raper and was given a witness form and told to send it to the Sheriff. (Dkt. No. [47-3] at ¶ 19.) Plaintiff states that he mailed the forms to Defendant Ensley on four separate occasions and received no response. (Id. at ¶¶ 19-22.)

Defendant Ensley moves for summary judgment requesting that the Court rule as a matter of law that Plaintiff's claim of deliberate indifference fails on its merits and is further barred by Plaintiff's failure to exhaust administrative remedies and the doctrine of qualified immunity. (Dkt. No. [41].) The Court finds that there issues of fact that preclude summary judgment for failure to

5

exhaust administrative remedies. The remaining grounds for summary judgment are discussed below.

## Discussion

1.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

AO 72A
(Rev.8/82)

2. Deliberate Indifference

The Eighth Amendment prohibits deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To establish deliberate indifference, a plaintiff must show both "an objectively serious medical need" and the defendant's subjective knowledge of, and more than negligent disregard of, that need. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003). See also Hill v. Dekalb Reg. Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (noting that "a 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730 (2002).

A plaintiff may establish a prison official's deliberate indifference by showing that the official failed or refused to provide care for a serious medical condition, delayed care "even for a period of hours," chose "an easier but less efficacious course of treatment," or provided care that was "grossly inadequate" or "so cursory as to amount to no treatment at all." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). See Hill, 40 F.3d at 1187 (stating that "[d]elay in access to medical attention can violate the Eighth Amendment when

7

it is tantamount to unnecessary and wanton infliction of pain") (citation and internal quotations omitted); Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (stating that "a deliberate delay on the order of hours in providing care for a serious and painful broken foot is sufficient to state a constitutional claim").

Negligence, however, even rising to the level of medical malpractice, does not constitute deliberate indifference. McElligott, 182 F.3d at 1254. See also Hinson v. Edmond, 192 F.3d 1342, 1345 (11th Cir. 1999) (noting that it is well-settled that "medical malpractice–negligence by a physician–is insufficient to form the basis of a claim for deliberate indifference"), amended by 205 F.3d 1264 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (noting that "[m]ere negligence in diagnosing or treating a medical condition is an insufficient basis" for a deliberate indifference claim). Nor does a simple disagreement over a diagnosis or course of treatment constitute deliberate indifference. As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a constitutional claim. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991); see also Adams, 61 F.3d at 1547 (concluding that the medical

8

provider's "failure to administer stronger medication" to a prisoner who subsequently died was "a medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983").

Plaintiff's claim against Defendant Ensley is based upon the alleged policy of Defendant Ensley prohibiting a prisoner from being transported to the hospital without first seeing the doctor. Defendant contends that Plaintiff cannot establish either an objective medical harm or subjective knowledge as required to establish a deliberate indifference claim. (Dkt. No. [41] at 4.) Specifically, Plaintiff has failed to demonstrate that he was objectively harmed by the lack of immediate transport to the hospital on the day of his injury. (Id.) Plaintiff admits that his condition did not worsen as a result of a lack of hospital transport on the date of his injury. *(Plaintiff's Responses to Defendant's First Request for Admissions* Dkt. No. [41-3] at Response 1.) However, Plaintiff contends that a visit to the hospital on November 13, 2005 "would have let [him] start physical therapy immediately" or would have prevented his "frozen shoulder" and three (3) months of pain. (*Plaintiff's Responses to Defendant's First Interrogatories* Dkt. No. [41-5] at Response 3.) Plaintiff fails to demonstrate that a hospital visit would have resulted in a different diagnosis or

9

treatment than that of Dr. Vollrath. More importantly, assuming that the policy alleged by Plaintiff did exist, that policy was responsible for only a one-day delay because Plaintiff was seen by Dr. Vollrath the following day. Plaintiff's course of treatment from that point forward was determined exclusively by Dr. Vollrath. There is no evidence that a one-day delay resulted in any injury to Plaintiff.

Because Dr. Vollrath is no longer a party in this action, the Court need not evaluate Plaintiff's claim against him. However, Plaintiff's dissatisfaction with the level of care he received at the Fannin County Detention Facility is not sufficient to establish a claim for deliberate indifference under the Eighth or Fourteenth Amendments.

> A plaintiff cannot establish deliberate indifference simply by second guessing the conclusions reached by a prison medical official in the exercise of his medical judgment. Indeed, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir.1995) (citation omitted).

Bismark v. Fisher, 213 Fed. Appx. 892, 896 (11th 2007).

Further, Defendant argues that Plaintiff has failed to demonstrate Sheriff Ensley's subjective knowledge and negligent disregard of a serious medical need. See Farrow, 320 F.3d at 1245-46 (11th Cir. 2003). "A prison official can be deemed deliberately indifferent only if he 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " Id. citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal citations omitted). Plaintiff has not demonstrated that at the time Plaintiff was denied transport to the hospital, Defendant Ensley was aware of Plaintiff's injury or that the injury was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention" Farrow, 320 F.3d at 1243 (11th Cir. 2003). Plaintiff contends that he submitted an informal grievance form to Defendant Ensley on four (4) separate occasions following his injury. (*Declaration in Opposition to Defendant's Motion for Summary Judgment* Dkt No. [47-3] at ¶¶ 19-22.) However, the first communication to Defendant Ensley did not occur before December 7, 2007, after Plaintiff had been seen twice by Dr. Vollrath. (Id. at ¶ 19.) Defendant Ensley's role as a policy maker did not

11

deny or delay necessary medical treatment. See Hardin v. Hayes, 957 F.2d 845 (11th 1992.) Plaintiff was given adequate access to medical treatment and all medical decisions were made by Dr. Vollrath and his team. Defendant Ensley relied upon the decisions of Dr. Vollrath. Given the lack of showing of an objectively serious medical need and Defendant's subjective knowledge of that need, the Court finds as a matter of law that Defendant Ensley did not act with deliberate indifference as to Plaintiff's injury. Accordingly, Defendant Ensley is entitled to summary judgment as to Plaintiff's deliberate indifference claim.

3.     Qualified Immunity

Qualified immunity provides "complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). Its purpose is to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is

AO 72A
(Rev.8/82)

knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted).

Qualified immunity is a question of law for the court. Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993). To be entitled to qualified immunity, the public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Lee, 284 F.3d at 1194. In adopting the medical policies for the Fannin County Detention Facility, Defendant Ensley was acting within the scope of his discretionary authority.

The burden then shifts to the plaintiff. Lee, 284 F.3d at 1194. There is a two-part test to determine whether a defendant is entitled to qualified immunity. First, a court asks " 'whether [the] plaintiff's allegations, if true, establish a constitutional violation.' " Vinyard, 311 F.3d at 1346 (quoting Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)). Where the issue of qualified immunity is presented on summary judgment, the Court resolves all disputed facts in favor of the plaintiff, and it decides whether the supposed facts amount to a violation of Plaintiff's constitutional rights. Purcell, 400 F.3d at 1320 (11th Cir. 2005). Second, after sufficiently stating a constitutional

13

violation, a court must ask whether the right was "clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). The salient question is whether the state of the law at the time of the alleged violation gave officials "fair warning" that their acts were unlawful. Hope, 536 U.S. at 740; Holmes v. Kucynda, 321 F.3d 1069, 1078 (11th Cir. 2003); see also Vinyard, 311 F.3d at 1350-53 (articulating a tripartite analytical framework for ascertaining whether right is "clearly established").

Based on the findings above, the Court concludes that Plaintiff has not established a violation of his constitutional rights. Construing the facts in Plaintiff's favor, Defendant Ensley had a policy that required that an inmate be examined by a physician before being transported to the hospital. In Plaintiff's case, Plaintiff was not seen by the doctor until the day after he was injured. However, the doctor determined that he did not need to be transported to the hospital. Thus, the delay did not alter the circumstances for Plaintiff. His complaint is directed to the treatment decision of Dr. Vollrath, which, as stated

14

above, is not a basis for a constitutional violation.  Because Plaintiff has failed to establish that Defendant Ensley violated any constitutional right of Plaintiff's, Defendant Ensley is entitled to qualified immunity against the claims of Plaintiff.

## Conclusion

Based on the foregoing, Defendant George Ensley's Motion for Summary Judgment [41] is **GRANTED**.  The Clerk shall enter **JUDGMENT** in favor of all Defendants and **CLOSE** the case.

**SO ORDERED** this  29th  day of May , 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)